UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: SWISSCANTO FONDSLEITUNG AG** | No. 2:26-cv-14241-WJM-JBC<br>**OPINION AND ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Swisscanto Fondsleitung AG's ("Petitioner" or "Swisscanto") Ex Parte Motion for Issuance of Letters Rogatory pursuant to 28 U.S.C. § 1782. ECF No. 1 ("Ex Parte Petition Pursuant to 28 U.S.C. § 1782 for Judicial Assistance," "Application," "Petition," or "Motion"). This Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Petitioner's Application is **DENIED**.

## I. BACKGROUND[1]

Petitioner is the representative plaintiff in a securities class action against BlackBerry Limited ("BlackBerry"), BlackBerry's former chief executive officer Thorstein Heins ("BlackBerry CEO"), and BlackBerry's former chief financial officer Brian Bidulka ("BlackBerry CFO") that is pending before the Ontario Superior Court of Justice ("Ontario Action").[2] In the Ontario Action, Petitioner alleges, in part, that "Blackberry prematurely recognized revenue on its BlackBerry 10 devices shipped into distribution channels when the selling price was not fixed or determinable, and that [BlackBerry] later announced an approximately $1 billion inventory write-down." Application, at 5. The Ontario Action is set for a six-week trial commencing January 11, 2027.

Petitioner asks this Court to authorize Petitioner's United States counsel to issue and serve its proposed subpoena on Jeffrey Dietel ("Dietel"), a non-party to the Ontario Action, who resides in Morris Plains, New Jersey. Dietel is a former Senior Vice President at Verizon, and Petitioner believes Dietel will be able to testify to several events, including the "commercial relationship between BlackBerry and Verizon during the relevant time period, and especially to the breakdown of this relationship as [BlackBerry 10] devices grossly underperformed the projections that BlackBerry had given to Verizon." ECF No. 1-1 ("Declaration of Petitioner's Counsel Aidan Ryan" or "Declaration"), at 3. Petitioner would like this Court to specifically compel Dietel to "appear by video link from within

[1] For purposes of this analysis, this Court will assume that the underlying facts in Petitioner's Application are accurate and not in dispute.

[2] *Swisscanto Fondsleitung AG v. BlackBerry Ltd., et al.*, Case No. CV-13-00495413-00CP.

[the District of New Jersey] to give live trial testimony in the Ontario Action, under the supervision of the Ontario Superior Court of Justice." Application, at 11. On October 15, 2026, the Ontario Superior Court of Justice ("Ontario Court") issued a Letter of Request, asking for this Court's assistance in allowing the service of the proposed subpoena, which Petitioner has attached to its Application. Declaration, at 3; ECF No. 1-2 ("Letter of Request"); ECF No. 1-5 ("Proposed Subpoena"). Defendants in the Ontario Action consented to the issuance of the Letter of Request. Declaration, at 3; ECF No. 1-4 ("Counsel Endorsement Slip"), at 2.

## II. DISCUSSION

### A. 28 U.S.C. § 1782 Statutory Prerequisites and *Intel* Factors

28 U.S.C. § 1782 ("Section 1782") provides "federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Although Congress enacted Section 1782 to accomplish several goals, including international cooperation, district courts are still vested with the discretion to grant, limit, or deny discovery. *In re Bayer AG*, 146 F.3d 188, 191-92 (3d Cir. 1998); *In re Application for Discovery for Use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, No. 17-cv-4269, 2019 WL 168828, at *5 (D.N.J. Jan. 10, 2019). Specifically, a district court has the discretion to order a person residing in the district to give testimony or produce documents in a foreign or international tribunal proceeding. *See* 28 U.S.C. § 1782(a). The order may be established "pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person." *Id.* Courts "routinely allow" an initial Section 1782 application "to proceed on an *ex parte* basis." *In re Martin & Harris Priv. Ltd.*, No. 20-cv-17070, 2021 WL 2434069, at *2 n.2 (D.N.J. June 14, 2021).

When deciding whether to grant a Section 1782 application, a court determines (1) whether the statutory prerequisites under Section 1782 are satisfied and (2) whether to "exercise its discretion to grant the application." *In re Application*, 2019 WL 168828, at *5. The statutory prerequisites for Section 1782 are: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by . . . any interested person." *In re Martin*, 2021 WL 2434069, at *2 (quoting *In re Application*, 2019 WL 168828, at *5). The Supreme Court in *Intel* laid out four factors ("*Intel* factors") for courts to weigh when determining whether to exercise their discretion: (1) "whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent [Section 1782] aid;" "(2) the nature of the foreign litigation, the character of the proceedings already underway, and the foreign country's receptivity to court assistance from the U.S.; (3) whether the petitioner is attempting to circumvent proof-gathering restrictions in foreign or American courts; and (4) whether the request for discovery is unduly intrusive or overly broad." *SPS Corp I, Fundo de Investimento em Direitos Creditórios Não Padronizados v. General Motors Co.*, 110 F.4th

586, 592 (3d Cir. 2024); *In re Application*, 2019 WL 168828, at *5 (citing *Intel*, 542 U.S. at 264-65).

Here, the Section 1782 statutory prerequisites are satisfied. First, Dietel resides in this District because Dietel lives in Morris Plains, New Jersey. Second, the discovery is for use in a proceeding before the Ontario Superior Court of Justice, which is foreign tribunal. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022) (holding that a governmental adjudicative body constitutes a "foreign tribunal" under Section 1782). Third, this Application is made by an "interested person" because Petitioner is a litigant and litigants "may be the most common example" of interested persons under Section 1782. *Intel*, 542 U.S. at 256.

Moreover, the *Intel* factors weigh in favor of granting this Application. The first factor weighs in favor of granting this Application because the Ontario Court cannot compel a non-party's remote attendance from this District without this Court's involvement, which is why the Ontario Court signed a Letter of Request. *SPS Corp. I*, 110 F.4th at 592; *Intel*, 542 U.S. at 264 (explaining that the first factor weighs in favor of granting an application when the person is a nonparticipant in the foreign proceeding and is "outside the foreign tribunal's jurisdictional reach"). The second factor turns on whether the foreign government or court "is receptive to U.S. federal-court judicial assistance." *SPS Corp. I*, 110 F.4th at 593. In the present case, it is clear that the Ontario Court is receptive to this Court's judicial assistance because the Ontario Court issued a Letter of Request concerning Dietel that welcomes this Court's aid. Therefore, the second factor weighs in favor of granting this Application. The third factor weighs in favor of granting this Application because Petitioner is clearly not trying to circumvent the Ontario Court's proof-gathering restrictions if the Ontario Court has signed and sealed a Letter of Request to ask that Dietel attend trial remotely. The fourth factor weighs in favor of granting this Application because the request for discovery is not unduly intrusive or overly broad; the Petitioner estimates the testimony at trial will take "roughly 2 hours," the location for the video transmission will occur within 100 miles of Dietel's residence, Dietel would have an opportunity to move to vacate the order or quash the subpoena, and the testimony would be taken under the direction of an Ontario Court's trial judge. Declaration, at 4; Letter of Request, at 1-2. Thus, Section 1782's statutory prerequisites are satisfied, and the discretionary *Intel* factors weigh in favor of granting this Application.

### B. Remote Trial Testimony

Even though the statutory prerequisites and *Intel* factors are satisfied, this Court needs to address whether Section 1782 authorizes a court to compel "live remote trial testimony" as Petitioner suggests. Application, at 8. Petitioner is specifically asking this Court to compel Dietel to appear "by video link" and give "live trial testimony by contemporaneous video transmission from a location within this District" in the Ontario Action. ECF No. 1-6 ("Proposed Order"), at 2; Application, at 3. Petitioner argues that Section 1782's text does not confine testimony to pretrial depositions and allows for live remote testimony at a foreign trial. Application, at 8. Petitioner also argues that Federal

Rules of Civil Procedure 45(c) ("Rule 45(c)") and 43(a) ("Rule 43(a)") can be applied in tandem to compel Dietel to testify in the Ontario Action as long as Dietel gives his testimony within this District consistent with Rule 45(c) and there is "good cause in compelling circumstances" and "appropriate safeguards" for the contemporaneous transmission of Dietel's testimony under Rule 43(a). Application, at 3, 8-10.

To address Petitioner's first point, while Petitioner is correct that the text of Section 1782 does not facially confine testimony to depositions, courts in this District have yet to address whether Section 1782 allows for remote testimony in a live trial. However, courts outside this District have disallowed remote trial testimony under Section 1782 because Section 1782's language and the case law interpreting Section 1782 indicate that Section 1782 is limited to pretrial discovery. *In re Ex Parte Petition by Att'y Gen. of Quebec*, No. 21-mc-23671, 2021 WL 5231630, at *2-3 (S.D. Fla. Nov. 10, 2021) (authorizing the issuance of subpoenas for deposition testimony but denying the issuance of subpoenas for remote trial testimony because the argument that "[S]ection 1782 was intended to assist in obtaining pretrial discovery and not trial testimony" is persuasive); *In re Application of Att'y Gen. of Quebec*, No. 1:21-mc-00264, 2021 WL 4497145, at *3 (D. Me. Sep. 30, 2021) (explaining that Section 1782's language and surrounding case law suggests that Section 1782 "is designed to facilitate pretrial discovery rather than trial testimony"). This Court finds these courts' interpretations of Section 1782 persuasive. As to Petitioner's second point, this Court declines to opine on the potential application of Rule 45(c) and Rule 43(a) in tandem for purposes of remote trial attendance because this Court has already determined that Section 1782 does not authorize a court to compel live remote trial testimony in a foreign trial. Lastly, it would appear to this Court that this request should have been made at an earlier point during discovery. Considering that trial is currently set to commence on January 11, 2027, a request of this nature is untimely.

## III. CONCLUSION AND ORDER

For the reasons stated, and for good cause shown,

**IT IS** on this 12 day of November 2026 **ORDERED** as follows:

1. Petitioner's Ex Parte Motion for Issuance of Letters Rogatory pursuant to 28 U.S.C. § 1782 is **DENIED**.

**WILLIAM J. MARTINI, U.S.D.J.**